Suecession of Evans.

## No. 784.

### SUCCESSION OF C. M. EVANS.

When a creditor of a succession, whose debt is acknowledged by the administrator upon his provisional tableau, appeals from the judgment of homologation thereof he must make the other creditors, who like himself are placed upon the tableau parties to his appeal on pain of dismissal.

The creditors who have been ranked upon the tableau of distribution are entitled, after it has been homologated, to instant payment of their respective claims, and may issue execution against the administrator's individual private property in default of his paying them.

*Quære:* — Whether the failure of an acknowledged creditor to appeal subsequently from the judgment of homologation, whereby the administrator has paid out the fund to all except the appealing creditor, is a bar to any other appeal.

APPEAL from the Parish Court of Morehouse. NORWOOD, J.

*Newton & Hall* for the Administrator. *Morgan* for the Appellant.

MANNING, C. J. The administrator of this succession, having sold all of its property under order of court, filed an account whereon he credited it with the proceeds of sale, and debited it with the sums paid in discharge of the privileged claims. Upon the same paper he exhibited a provisional tableau of distribution, wherein he apportioned the residue in his hands among the ordinary creditors. D. C. Morgan was one of them.

This account and tableau were duly advertised. No opposition was made to the homologation of them. The administrator then paid to the ordinary creditors the sums set forth in the provisional tableau as their proportions of the residue in his hands, and the vouchers for these payments appear in the record.

All of these claims were thus paid except the Morgan debt, which is now owned by P. J. Cockburn.

The appeal was taken by him by petition, some months after the judgment of homologation, and after the payments were made by the administrator under it. He prays for citation to the administrator alone, who has moved to dismiss the appeal.

The grounds of his motion are: (1) that the fund to be distributed is less than the sum necessary to give this court jurisdiction, which is untenable, as the fact is that it exceeded that sum; and (2) that

the creditor has acquiesced in the judgment of homologation by failing to take his suspensive appeal within the legal delay. We are not prepared to say that the failure of a creditor, duly acknowledged on the tableau of distribution, to appeal suspensively from the decree of homologation is a bar to any other kind of appeal; but if he does resort to a devolutive appeal, the creditors who, like himself, have been ordered to be paid, are necessary parties to the appeal.

The administrator obeyed the decree of the court when he paid the creditors the sums adjudged to them. He dared not refuse to pay them. If he should withhold from them the sums due them out of the funds for distribution, the creditors could issue execution, and have the administrator's own property sold to make the payment. Code Prac., Art. 993.

The creditors who have thus been paid by the administrator have not been cited to answer this appeal. The petition of appeal does not pray for their citation.

*The appeal is dismissed for want of proper parties.*